[Civil No. 1383. Filed June 12, 1914.]

[141 Pac. 570.]

## JAMES WILLIS, Appellant, v. J. P. IVY, Appellee.

1. APPEAL AND ERROR—DISMISSAL OF APPEAL—DELAY IN PROSECUTION. Where judgment was rendered on July 19th, a motion for a new trial denied, and notice of appeal given on September 20th, and a supersedeas bond filed on September 27th, and appellant thereafter took no further steps to bring the case to the supreme court, and did not appear on a motion to dismiss, the appeal will be dismissed for want of prosecution.

2. COSTS—DAMAGES FOR FRIVOLOUS APPEAL.—Such appeal having apparently been taken for delay and without sufficient cause, damages as for a frivolous appeal may be awarded under Civil Code of 1913, paragraph 1272, providing that, when the supreme court shall be of opinion that an appeal has been taken for delay, and that there was not sufficient cause for taking it, it may in its discretion include in its judgment an additional sum as damages for a frivolous appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Appeal dismissed.

The facts are stated in the opinion.

No appearance for Appellant.

Mr. Barnett E. Marks, for Appellee.

FRANKLIN, C. J.—Judgment was rendered in the court below on July 19, 1913, and on September 20, 1913, a motion for a new trial was denied, at which time notice of appeal to the supreme court was given. A *supersedeas* bond was filed on September 27, 1913.

The certificate of the clerk of the court below shows these facts, and also that, subsequent to the filing of the *supersedeas* bond, no other steps have been taken to bring the case to this court by appellant. The appellant has not appeared and made any counter showing.

While, in form, the motion of the appellee in this court is to affirm the judgment on a short transcript, that method of

disposing of such cases has been abolished by the legislature. We shall, however, treat the motion to affirm as a motion to dismiss the appeal for want of prosecution. The idea is that successful parties are entitled to the fruits of litigation, and that they may not be denied this right, unless the losing party, with reasonable diligence and in the method prescribed by law, prosecutes his appeal to this court. We are of opinion that this appeal has been taken for delay, and that there was no sufficient cause for taking said appeal.

It is ordered that said appeal be docketed in this court, and that said appeal be, and it is hereby, dismissed. The judgment of the court below not being one for the recovery of money, it is further ordered and adjudged, in accordance with paragraph 1272, Revised Statutes of Arizona of 1913, Civil Code, that the appellee be, and he hereby is, awarded damages in the amount of $50; said amount being deemed proper in this case as damages for a frivolous appeal.

ROSS, J., concurs.

CUNNINGHAM, J., Dissenting in Part.—I dissent from the order imposing a penalty in this case for the same reasons expressed by me in cause No. 1393, *Nienstedt* v. *Dorrington, post,* p. 121, 141 Pac. 569.