[Civil No. 1393.    Filed June 12, 1914.]

[141 Pac. 569.]

## W. A. NIENSTEDT, Appellant, v. J. W. DORRINGTON, Appellee.

APPEAL AND ERROR—DISMISSAL—FAILURE TO PROSECUTE APPEAL.— Where appellant, after filing appeal bond in the lower court, and filing transcript of the reporter's notes, etc., with the clerk on April 28, 1913, took no further steps to prosecute his appeal, the appeal will be dismissed with $50 damages to appellee.

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Appeal dismissed.

The facts are stated in the opinion.

Messrs. Timmons & Harris, for Appellant.

Messrs. Wupperman & Wupperman, for Appellee.

FRANKLIN, C. J.—The appellee had judgment against the appellant for the restitution of certain lands and premises. The certificate of the clerk of the court below shows that judgment was rendered January 28, 1913, on which day, appellant's motion for a new trial being denied, he gave notice of appeal to this court; that on January 30, 1913, the bond on appeal was filed; that on April 28, 1913, the appellant filed with the clerk of the lower court the transcript of the reporter's notes in said cause; that no further steps have been taken by appellant to prosecute his appeal to this court.

It is ordered that said appeal be docketed in this court, and that the same be and it is hereby dismissed, the appellee to recover his costs.

It is further ordered and adjudged that the appellee be and he is hereby awarded damages in the sum of $50; the said amount being deemed proper in this case as damages for a manifestly frivolous appeal.

ROSS, J., concurs.

CUNNINGHAM, J., Dissenting in Part.—I dissent from that part of the judgment rendered imposing a penalty. No record has been filed in this court from which this court is able to ascertain whether there was sufficient cause for taking an appeal. The penalty is imposed under the authority of paragraph 1272, Civil Code of 1913, which is as follows:

"When the supreme court shall be of opinion that an appeal has been taken for delay, and that there was not sufficient cause for taking an appeal, it may, in its discretion, include in its judgment such additional sum, not exceeding ten per cent of the judgment appealed from, if such judgment be for the recovery of money, and not exceeding five hundred dollars in other cases, as the court may deem proper, as damages for a frivolous appeal."

I am of opinion from the facts shown that the appeal was taken for delay, but the statute requires that this court shall also be of opinion that there was not sufficient cause

for taking an appeal before damages are imposed, and, as to whether sufficient grounds for appeal exist, I have nothing upon which to form an opinion; no record being on file. In a proper case a penalty imposed is beneficial, but before imposing a penalty a proper case must arise.