[Civil No. 1553. Filed December 22, 1916.]

[161 Pac. 884.]

D. B. BACA, Appellant, v. NOYES–NORMAN SHOE COMPANY, JACOB HAMLIN and CON TRAMMEL, Appellees.

1. APPEAL AND ERROR—DISMISSAL—GROUNDS—WANT OF PROSECUTION. Where judgment was rendered July 12th, and appellant gave notice of appeal, and on July 15th filed his costs and *supersedeas* bond, but took no further steps to prosecute his appeal, the motion of appellee, filed October 16th, to dismiss it, will be granted.

2. COSTS—ON APPEAL—DAMAGES FOR DELAY.—Where an appeal is taken solely for delay and without any sufficient cause, damages will be awarded to the appellee.

APPEAL from a judgment of the Superior Court of the County of Apache. George H. Crosby, Jr., Judge. Appeal dismissed.

Mr. George Estes, for Appellant.

Mr. Thorwald Larson, for Appellees.

PER CURIAM.—Appellant brought an action to enjoin and restrain the execution of a judgment against his property in favor of the appellees. The injunctive relief prayed for was denied by the court on July 12, 1916, whereupon appellant gave notice of appeal to the supreme court, and thereafter on, to wit, the fifteenth day of July, 1916, filed his cost and *supersedeas* bond. The appellant has done nothing whatever to prosecute his appeal.

On October 16, 1916, the appellees filed a motion to dismiss the appeal with proof of service of the same upon the appellant. Accompanying the motion to dismiss is the authenticated proof of the facts above stated. The appellees also ask that they be allowed damages.

It appearing that the appeal was taken solely for the purposes of delay and without any sufficient cause, following the rule laid down in *Willis* v. *Ivy*, 16 Ariz. 120, 141 Pac. 570, and *Nienstedt* v. *Dorrington*, 16 Ariz. 121, 141 Pac. 569, it is hereby ordered that said appeal be dismissed, and that the appellees recover their costs. It is further ordered and adjudged that the appellees be, and they are hereby, awarded damages in the sum of $50, said amount being deemed proper in this case as damages for a manifestly frivolous appeal.